UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID L. COOK,

    Plaintiff,

v.   Case No. 1:10-cv-11809
    District Judge Thomas L. Ludington

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiff David Cook filed a complaint [Dkt. #1] on May 5, 2010, alleging wrongful termination of long-term disability benefits under the Employee Retirement Income Security Act ("ERISA") plan administered and paid for by Defendant, Hartford Life and Accident Insurance Company. Plaintiff began receiving benefits from the plan on December 2, 2003 for disabling conditions including pain in his extremities, neck, and lower back, extreme fatigue, balance problems, fibromyalgia, chronic pain disorder, insomnia, anxiety, and headaches. Plaintiff was advised on February 10, 2009 that Defendant denied his claim for long-term disability benefits. The parties' papers reflect conflicting opinions concerning the standard of review[Dkt. #12; Dkt. #13] and Plaintiff has also filed a procedural due process objection based on the biased evidence resulting from relying solely on the opinions of two doctors who purportedly conducted a review of Plaintiff's medical documentation, but not a physical examination, in the denial of Plaintiff's claim [Dkt. #16].

Now before the Court is Plaintiff's motion for discovery [Dkt. #18] and Plaintiff's motion to supplement the administrative record [Dkt. #19]. Plaintiff generally alleges that discovery is

necessary to inquire about the potential bias of the decision maker.  Plaintiff also seeks approval to supplement the administrative record with documentation of the Social Security Administration's ("SSA") decision to remand Plaintiff's case for further consideration of disability. Defendant filed responses to Plaintiff's motions on December 22, 2010 [Dkt. #21; Dkt. #22]. Defendant generally alleges that Plaintiff has failed to raise a colorable procedural challenge warranting discovery. Furthermore, Defendant contends that evidence of a subsequent determination of Social Security benefits does not fall under the exception to the rule that federal courts can only consider evidence properly presented to the plan administrator when reviewing the reasonableness of an ERISA determination.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers.  The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted.  E.D. Mich. LR 7.1(e)(2). For the reasons explained hereafter, the Court will **DENY** Plaintiff's motions.

**I**

Plaintiff began receiving benefits from the plan on December 2, 2003 for disabling conditions including pain in his extremities, neck, and lower back, extreme fatigue, balance problems, fibromyalgia, chronic pain disorder, insomnia, anxiety, and headaches. Plaintiff was advised on February 10, 2009 that Defendant was denying his claim for long-term disability benefits. Defendant then interviewed Plaintiff and gave him an opportunity to submit information in support of his claim. Defendant denied Plaintiff's benefits after it determined that as of February 10, 2009, he no longer met the disability definition under the plan provisions.  The February 10 letter

explained the reasons for the denial, the interpretation of the policy provisions, and the medical evidence on which the decision was based. The letter also informed Plaintiff that he could appeal the decision within 180 days, and that Plaintiff or his authorized representative could submit a letter along with the appeal with any comments, documents, records, and other information related to his claim. Finally, the letter advised Plaintiff that if his claim was denied on appeal, he could bring a civil action under Section 502(a) of ERISA.

Plaintiff appealed the decision and Defendant considered the appeal along with the additional information submitted. On January 4, 2010, Defendant issued its determination that the decision to deny continued benefits was appropriate. Plaintiff then filed a complaint in this Court.

## II

### A

Generally, ERISA denial of benefits actions are constrained to the contents of the administrative record and the parties' arguments regarding how the record should be interpreted. *Andren v. The Hartford*, No. 07-12559, 2008 U.S. Dist. LEXIS 40018, at *2 (E.D. Mich. May 12, 2008). There are, however, limited circumstances under which discovery may be sought where evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process or procedural irregularity afforded by the administrator or any alleged bias on its part. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Any prehearing discovery should be limited to such procedural challenges. *Id.* More specifically, mere allegations of bias or procedural irregularity without providing any facts to support a claim that discovery might lead to evidence of bias are not sufficient to permit discovery under *Wilkins'* exception. *Putney v. Medical Mutual of Ohio*, 111 F. App'x 803, 806-07 (6th Cir. 2004). Such

"mere allegations" include generalized claims of financial conflict of interest on the part of the defendant and the independent physician consultants who review the plaintiff's file. *See Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6 th Cir. 2008).

Plaintiff alleges bias in the instant case based on the facts contained in the administrative record. Plaintiff's treating physician, Dr. Mridha, provided a medical opinion on multiple occasions that Plaintiff was unable to perform any full-time work. Despite Dr. Mridha's consistent opinion, Defendant gave greater weight to the opinion of its independent reviewing doctor, Dr. Levin. Dr. Levin also asserted that Dr. Mridha agreed with him that Plaintiff could perform full-time sedentary work, but Dr. Mridha does not recall whether he agreed with Dr. Levin's conclusions. Because the record lacks support for Defendant's conclusion that Dr. Mridha agreed that Plaintiff could perform sedentary work, a question of bias arises and Plaintiff contends that discovery is necessary in order to determine the extent of the bias. More specifically, Plaintiff suggests the following limited discovery would be appropriate in his statement of procedural challenge [Dkt. #16]: (1) the nature of the business relationship between MCMC LLC, who employs another doctor, Dr. Davis, who evaluated Plaintiff's records, and Defendant; (2) the nature of the business relationship between MCMC LLC and Drs. Levin and Davis; (3) the qualifications of Drs. Levin and Davis; (4) the disciplinary records of Drs. Levin and Davis, if any; (4) whether a financial incentive exists for the owner of the file, Angie A. Ager, to cease paying benefits; and (5) any other germane areas of inquiry. Plaintiff, however, does not advance any arguments related to Dr. Davis in his motion for discovery.

Defendant contends that Plaintiff has merely presented an allegation of bias and that his complaint contains no allegations of procedural irregularities. That Plaintiff's doctor was unable to

recall whether he agreed with the independent physician consulted by Defendant does not establish bias, especially given that Plaintiff's treating physician does not deny that he agreed with Defendant's independent reviewer's conclusion that Plaintiff could perform full-time sedentary work. Defendant also argues that its decision to place greater weight upon its independent reviewing doctor rather than Plaintiff's treating physician's opinion does not establish bias. According to Defendant, to hold otherwise would create a presumption of bias any time a plan administrator decides to place greater weight on the opinions of an independent doctor that it has consulted to review the claimant's file, which would contradict the rule providing for constrained and narrow discovery in ERISA cases.

Plaintiff's allegation of bias because Defendant relied primarily on its own independent doctor is insufficient to provide for discovery in this case. Additionally, Plaintiff does not explain how opening discovery might reasonably lead to further evidence supporting his allegations of bias. As a result, Plaintiff's motion for discovery will be **DENIED**.

**B**

Plaintiff also asserts that Defendant cited the SSA's denial of benefits on November 5, 2007 in its January 4, 2010 correspondence explaining the reason for terminating Plaintiff's long-term disability benefits and upholding its decision on administrative appeal. Plaintiff alleges that Defendant's reference to the SSA's denial in its correspondence "indicates the great weight Defendant gave this denial when considering whether Plaintiff's benefits should be terminated." (Pl.'s Mot. to Supplement Administrative Record 2.) Since the close of Plaintiff's internal appeal, the SSA has granted a remand and new hearing to reconsider its prior denial of benefits because the administrative law judge ("ALJ") did not adequately address an opinion provided by Dr. Mridha.

Plaintiff was notified of the remand on June 4, 2010. Plaintiff contends that the Court can consider evidence outside the administrative record if that evidence is necessary to "resolve an ERISA claimant's procedural challenge to the administrator's decision, such as . . . alleged bias on its part." *Buchanan v. Aetna Life Ins. Co.*, 179 F. App'x 304, 308 (6th Cir. 2006) (citation and quotation omitted). As noted above, Plaintiff has alleged bias in the decision-making process in his motion for discovery.

Defendant contends that the Court's review must be based solely on the materials presented to the administrator unless Plaintiff can demonstrate that the evidence he seeks to supplement is necessary to resolve a procedural challenge to the administrator's decision. *Wilkins*, 150 F.3d at 619. However, an ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan because Social Security benefit entitlement is measured by a uniform set of federal criteria while a claim for benefits under an ERISA plan often turns on the interpretation of plan terms. *Whitaker v. Hartford Life & Accident Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005). As a result, the Sixth Circuit has held that evidence of a subsequent award of Social Security disability benefits "does not fall under the exception to the rule that federal courts can only consider evidence properly presented to the plan administrator when reviewing the reasonableness of an ERISA determination." *Storms v. Aetna Life Ins. Co.*, 156 F. App'x 756, 760 (6th Cir. 2005).

Although the fact that an individual was awarded Social Security benefits can be relevant in determining whether an administrator's decision denying benefits was arbitrary and capricious, it does not mean that an individual is automatically entitled to benefits under an ERISA plan as the plan's disability criteria may differ from the SSA's. *Whitaker*, 404 F.3d at 949. More specifically,

SSA determinations follow a highly deferential "treating physician rule" that does not apply in ERISA cases. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832-33 (2003). In the instant case, the SSA's decision to vacate and remand the ALJ's decision denying Plaintiff's claim was issued five months after Defendant issued its final determination and two months after litigation was commenced. Accordingly, this evidence was not presented during Defendant's administration of Plaintiff's claim and should not be considered by the Court.

Additionally, Defendant emphasizes that Plaintiff has not raised a procedural challenge to Defendant's decision in his motion but instead argues that the decision granting SSA remand is material to the case. Plaintiff does not explain how the documentation of the SSA's decision to vacate and remand the pre-appeal unfavorable ruling of the ALJ, which was part of the administrative record, constitutes evidence of a lack of due process or bias.

The SSA remand came well after Defendant's decision and although the SSA's initial denial of Plaintiff's benefits was referenced in Defendant's notice of termination of benefits, Plaintiff does not explain how Defendant relied on the decision, or if Defendant placed any significant reliance on the decision at all. Additionally, the SSA employs a different standard of review than in an ERISA case, and although a decision to vacate and remand has been issued, the SSA has not found Plaintiff to be entitled to benefits at this juncture. As a result, Plaintiff's motion to supplement the administrative record will be **DENIED**.

### III

Accordingly, it is **ORDERED** that Plaintiff's motion for discovery [Dkt. #18] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to supplement the administrative record [Dkt. #19] is **DENIED**.

                                          s/Thomas L. Ludington  
                                          THOMAS L. LUDINGTON  
                                          United States District Judge

Dated: February 23, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2011.

                                    s/Tracy A. Jacobs  
                                    TRACY A. JACOBS